UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GORDON M. CAREY,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00143-ECR-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 currently is before the Court on a *sua sponte* screening inquiry into whether the petition should be dismissed with prejudice on the merits. This order follows upon an earlier show cause order (#5) directed to the merits and petitioner's response (#6) thereto. Following review, it appears that petitioner's show-cause response seeks to pursue a legal claim that: (a) was not pled in the federal petition; and (b) was not exhausted in the state courts.

### *Background*

    Petitioner Gordon Carey challenges the weapon enhancement sentence on his Nevada state conviction, pursuant to a guilty plea, of second-degree murder with the use of a firearm. He was sentenced to two consecutive terms of 10 to 25 years.

    On February 28, 2008, Carey pled guilty to second-degree murder with the use of a firearm in the murder of George Kelly, Jr., on November 18, 2006. #4, Exhs. 2-4. Under the law in place when Carey committed the offense on November 18, 2006, N.R.S. 193.165 provided for an automatic sentencing enhancement of an additional consecutive sentence

1 equal to the sentence imposed on the primary offense in question when a firearm was used.[1]
2 The statute thereafter was amended to provide for a more flexible sentencing structure on the
3 weapon enhancement sentence, with a statutory maximum on the consecutive enhancement
4 sentence of 20 years.[2]  The amendment became effective on July 1, 2007.

It was expressly acknowledged in the written plea agreement and during the plea colloquy that the parties remained free to argue their respective positions as to whether the amendment should be applied to petitioner's sentencing.  Carey entered the plea expressly with the understanding that the state courts might reject his argument that the new law should apply to his case and hold that the amendment did not apply to his sentencing.[3]

On June 12, 2008, the matter came on for sentencing.  The state district court rejected Carey's argument that the amendment should apply to his case.  The court sentenced him to two equal and consecutive terms each of 10 to 25 years.[4]

The judgment of conviction was filed the same day, and Carey timely appealed.[5]

On July 24, 2008, the Supreme Court of Nevada issued its decision in *State v. Second Judicial District Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008).  In *Pullin*, the state supreme court held that, under Nevada state law, the July 1, 2007, amendment to 193.165 did not apply retroactively to offenders who committed their crimes prior to the effective date of the amendment but who were sentenced after that date.

On August 25, 2009, in Carey's case, the Supreme Court of Nevada affirmed the district court decision and sentencing.  The state supreme court held:

> The sole issue raised in this appeal is whether the district court erred in refusing to apply the ameliorative amendments to

---

[1] N.R.S. 193.165, *as amended through* Laws 1995, p. 1431.

[2] *See* N.R.S. 193.165, *as amended by* Laws 2007, c. 525, § 13 (adopted pursuant to Assembly Bill No. 510).

[3] #4, Ex. 3, at 3; *id.*, Ex. 4, at 4-5 & 7-8.

[4] #4, Ex. 6C, at 107-110.

[5] #4, Exhs. 7 & 8.

-2-

> the deadly weapon enhancement statute that took effect after Carey committed the underlying offense but before he was sentenced. Although Carey recognizes that this court recently considered this issue in State v. Dist. Ct. (Pullin), 124 Nev. ___, 188 P.3d 1079 (2008), and held that the 2007 amendments to NRS 193.165 do not apply to offenses committed before the effective date of the amendments, Carey argues that federal constitutional law requires retroactive application of the amendments and urges this court to reconsider our decision in Pullin. We disagree with Carey's assertion that federal constitutional law requires retroactive application of the 2007 amendments to NRS 193.165, and we decline to reconsider our decision in Pullin. Consistent with our decision in Pullin, we conclude that Carey's argument lacks merit. . . . .

#4, Ex. 13.

Petitioner filed the federal petition through counsel on March 12, 2010. He alleged therein:

> Petitioner made clear [to the state supreme court] in his Fast Track Statement and in his Supplemental Fast Track Statement that, even if Pullin could be considered as a correct decision as a matter of state law, as a matter of Federal Constitutional principles, including and especially the ex-post facto clause and the doctrine of lenity, Pullin is incorrectly decided. When the subject at hand is an amended penal statute which is an ameliorative sentencing statute as here, per Dobbert v. Florida, 432 U.S. 282, 293-94 (1977) and United States v. Santos, ___ U.S. ___, 128 S.Ct. 2020 (2008), the court must apply the ameliorative version of the statute in effect as of the date of sentencing. That is because in this case the legislature left it ambiguous as to whether the amended sentencing statute would apply to crimes committed before the passage of the amended statute viz. sentencings occurring after it or not. See also: United States v. Lanier, 520 U.S. 259, 266 (1997).
>
> . . . . .
>
> [The state supreme court's] decision constitutes an unreasonable application of Doboert [sic], Lanier, and Santos, and thus cannot be afforded the presumption of legal correctness per 28 U.S.C. § 2254(d)(1).

#1, at 4-5 (underline emphasis in original).[6]

---

[6] The petition then states: "This ground is developed more extensively in the separate attachment." There was no separate attachment further developing the ground. If there had been, the Court would have directed petitioner to file an amended petition setting forth the entirety of his claim within the four corners of the petition. Petitioner's grounds must be set forth within the verified petition itself. As discussed further, *infra*, habeas pleading is not notice pleading.

-3-

In the prior show-cause order, the Court, following an extended analysis of the legal claim presented and supporting case citations, posited, *inter alia*:

> Application of the foregoing five Supreme Court decisions to petitioner's case reflects the following.
>
> At the time of Carey's offense, . . . N.R.S. 193.165 provided – with absolutely no ambiguity – that "any person who uses a firearm or other deadly weapon . . . in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for the crime," with the sentence running consecutively with the sentence imposed for the crime. Nothing in the holdings of the four "rule of lenity" decisions relied upon by petitioner would dictate anything other than a direct application of the unambiguous language of the statute as of the time of the offense. Anyone reading the statute at the time of Carey's offense would have had not only a fair, but indeed an explicitly clear, warning that they would be subjected to twice the punishment for committing the crime with the use of a firearm.
>
> Petitioner, of course, seeks to draw from the lenity cases an overarching rule that any time that there – allegedly – is an ambiguity on any statutory issue of any nature concerning a criminal conviction, the Due Process Clause of the Fourteenth Amendment requires the States to resolve the issue in the defendant's favor. No such holding applicable to this case was made in the four lenity cases cited. The four cases all involved construction of Congressional legislative intent in defining an element of an offense rather than any question, much less a constitutional question, of required retroactivity of a post-offense change to a state sentencing statute.
>
> With regard to the *Dobbert* decision, petitioner urges that *Dobbert* requires that "the court must apply the ameliorative version of the statute in effect as of the date of sentencing." *Dobbert* was not presented with any such issue, did not express any opinion on any such issue, and clearly made no holding on any such issue. *Dobbert* instead addressed an issue as to whether the Ex Post Facto Clause *prohibited* such retroactive application of an ameliorative sentencing statute, and it held that it did not. The Ex Post Facto Clause of course has no remotely conceivable application to the present petitioner's case, given that the law in force on the date of his offense was applied to his case. *Dobbert* made no holding as to the Due Process Clause, much less one applicable to the present case, and the opinion does not even mention that provision of the Constitution. Nothing in the opinion suggests the Due Process Clause *requires* that an ameliorative sentencing statute be applied retroactively.
>
> Under the AEDPA, the state courts must follow the holdings of the United States Supreme Court, not *dicta* in its opinions. *See, e.g., Cheney v. Washington*, 614 F.3d 987, 993-94

> (9th Cir. 2010). If no Supreme Court precedent creates clearly established federal law relating to the legal issue that the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law. *E.g., Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir.2004). None of the five Supreme Court decisions relied upon by petitioner hold that the Due Process Clause requires States to apply an ameliorative sentencing statute retroactively absent a contrary expression of legislative intent. None of the five decisions were presented with such an issue. None of the decisions even discussed such an issue in *dicta*, which the Supreme Court of Nevada in any event would not have been bound to follow. The state supreme court's rejection of petitioner's claim based upon these United States Supreme Court decisions thus clearly was neither contrary to nor an unreasonable application of clearly established federal law under the AEDPA.

#5, at 10-11 (further explanatory footnotes omitted).

In his show-cause response, petitioner, *inter alia*, pursued the following legal claim:

> This is a one ground Petition that, in the first instance, concerns an issue of state law. Petitioner is well aware that generally, a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 546 U.S. 74, 76 (2005).
>
> An exception to that, however, is based upon Bouie v. City of Columbia, 378 U.S. 347, 353 (1964): Where the state court applies a new interpretation that is unforeseeable and detrimental to the defendant retroactively to him, such as unforeseeably to enlarge judicially the meaning of a criminal statute, such activity violates a federal due process right of the petitioner and such is in fact cognizable in federal habeas. See: Clark v. Brown, *post*; Hagan v. Caspari, 50 F.3d 542 (8th Cir. 1995); Lopez v. McCotter, 875 F.2d 273 (10th Cir.), *cert. denied*, 493 U.S. 996 (1989).
>
> . . . . .
>
> . . . . Post AEDPA, the Ninth Circuit's treatment of this issue in Clark v. Brown, 450 F.3d 898 (9th Cir.), *cert. denied*, 549 U.S.1027 (2006), makes relatively clear that the principle to be "reasonably applied" [under the AEDPA standard of review] is a general but consistent principle [under petitioner's distinction, which is not tacitly accepted herein by the Court, between "fact-specific" and "general" cases in applying the AEDPA standard of review ]. In Clark, the Ninth Circuit held that the state court's retroactive application of a new interpretation of a prior state supreme court decision regarding the felony murder special circumstances statute on direct review violated the defendant's due process rights to a fair warning that his conduct made him death eligible at his sentencing. An unforeseeable judicial enlargement of a criminal statute, applied retroactively, violates

-5-

> the petitioner's federal due process rights to a fair warning of what constitutes criminal conduct. See: Clark, 450 F.3d at 909-16. The Ninth Circuit did not cite to a specific United States Supreme Court case with a fact pattern similar to Clark's. Rather, it cited generally to the principles of Bouie v. City of Columbia, 378 U.S. 347, 353 (1964), a case with essentially the same principle as Lanier, Le Grand v. Stewart, 133 F.3d 1253, 1260 (9th Cir. 1998) [the due process clause protects criminal defendants against novel developments in judicial doctrine] and McSherry v. Block, 880 F.2d 1049, 1053 (9th Cir. 1989) [crucial test is whether the construction actually given the statute was foreseeable].

#6, at 1-2 & 8-9.

Petitioner alleged no claim in the original federal petition asserting that the state supreme court denied him due process of law by unforeseeably enlarging the meaning of a criminal statute through an unforeseeable and detrimental new interpretation in *Pullin* that was applied retroactively to him.

Petitioner presented no claim to the state supreme court that its decisions denied him due process of law by unforeseeably enlarging the meaning of a criminal statute through an unforeseeable and detrimental new interpretation in *Pullin* that was applied retroactively to him.[7]

### *Discussion*

Federal habeas pleading is not notice pleading. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rather, under Rule 2(c) of the Rules Governing Section 2254 Cases [the "Habeas Rules"], a petitioner must "specify all the grounds available for relief available to the petitioner" and further must "state the facts supporting each ground."

Petitioner specified no ground in the original petition that he was deprived of due process of law by an unforeseeable enlargement of a criminal statute through an unforeseeable and detrimental new judicial interpretation of state law. He instead claimed that an alleged federal constitutional "rule of lenity" required the retroactive application of the ameliorative state sentencing statute. A claim that the federal constitution required retroactive application of a state statute is legally distinct from a claim that a state judicial decision denied

---

[7] See #4, Exhs. 9 & 11.

a petitioner due process because it construed state law in an unforeseeable manner.  *Inter alia*, the first claim does not require proof that the state court's construction of the state statute was new and unforeseeable given that the claim instead could be actionable even if the challenged state rule was well-established.  In contrast, the latter claim is actionable even if the later judicial construction of state law otherwise would be permissible under federal law.  That is, the first claim is based on a premise that federal law does not permit the statute to apply retroactively in any circumstance, without regard to whether or not the state courts allegedly have changed their interpretation of the state law.  The second claim instead is based on a premise that a state judicial decision may not unforeseeably enlarge state criminal law, without regard to whether or not federal constitutional law otherwise would bar the new state law ruling in question.  Those are distinct legal claims, based upon different factual and legal premises that operate independently of one another.

The Court is not persuaded that the rule in *Bouie* constitutes merely an exception to a "principle of interpretation" otherwise requiring federal courts to defer to state court interpretations of state law.  If a federal court applies the rule in *Bouie* to overturn a conviction or sentence, it is not merely placing a different interpretation on state law.  It instead is holding that the petitioner was deprived of due process of law by the state judicial interpretation of state law.  Such action represents a grant of relief based upon an independent substantive claim of a constitutional due process violation in its own right, not merely an application of a different interpretation of state law.

Accordingly, if petitioner wishes to seek relief herein based upon a *Bouie* claim that he was deprived of due process of law due to an unforeseeable enlargement of a criminal statute through an unforeseeable and detrimental new judicial interpretation of state law, he must affirmatively allege such a claim in his petition.  He may not instead pursue such a claim either in addition to or in lieu of the claim in the original petition without amending the petition. *Cf. Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994)(petitioner may not use the federal reply to amend the petition).  The Court expresses no opinion at this juncture as to whether any such claim relates back to the claim in the original petition.

If petitioner does amend the petition to assert a *Bouie* claim, he then must show cause why the petition, as amended, is not subject to dismissal as a mixed petition.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief. *See generally King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009)(discussing other available relief).

In the present case, petitioner did not present a federal legal theory to the state courts alleging that he was deprived of due process of law by an unforeseeable enlargement of a criminal statute through an unforeseeable and detrimental new judicial interpretation of state law. As discussed above, such a claim is a distinct and different claim from a claim that an alleged federal constitutional "rule of lenity" required the retroactive application of the ameliorative state sentencing statute. If petitioner intends to pursue a claim in federal court based upon this newly-presented and unexhausted federal legal theory, he first must fairly present the claim to the state courts.

If petitioner amends the federal petition to add the claim, he therefore must show cause why the petition, as amended, is not subject to dismissal unless he dismisses the exhausted claim or seeks other appropriate relief. To expedite the matter, the Court has collapsed any amendment and the associated show-cause inquiry into one combined step.

Petitioner further may wish to provide supplemental argument on the claim originally presented in the petition based upon *Dorsey v. United States*, 132 S.Ct. 2321 (2012). The Court thereby makes no implication that *Dorsey* is dispositive of the original claim presented. The Court simply is providing petitioner an opportunity to address the recent decision before the Court notes the decision in its ultimate order on the merits herein.

IT THEREFORE IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order within which to file an amended petition asserting a claim that the state supreme court denied him due process of law by unforeseeably enlarging the meaning of a criminal statute through an unforeseeable and detrimental new interpretation that was applied retroactively to him. If petitioner does not amend to assert such a claim, the claim will be wholly disregarded as a basis for any relief herein, as being a claim beyond the pleadings.

IT FURTHER IS ORDERED that, by the same date, if petitioner so amends the petition, petitioner shall SHOW CAUSE in writing -- in a separate filing -- why the petition, as amended, is not subject to dismissal as a mixed petition unless petitioner dismisses the added claim or seeks other appropriate relief.

IT FURTHER IS ORDERED that petitioner may provide supplemental argument directed to *Dorsey v. United States*, 132 S.Ct. 2321 (2012), either within an amended petition if one is filed or in a separately-filed supplemental memorandum if one is not.[8]

DATED: July 9, 2012.

_____
EDWARD C. REED
United States District Judge

---

[8] Following resolution of any apposite exhaustion inquiry, and subject to the content of an amended petition, the Court thereafter may decide the merits potentially based solely upon the papers then on file.