# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GORDON M. CAREY,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00143-LRH-WGC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#13) to stay.

The papers presented are incomplete. The supporting memorandum stops in mid-sentence on page 5, and the next page is another copy of page 2 of the motion.

The missing material is significant because the papers on file are ambiguous as to the specific relief being sought. There are two different types of stays currently recognized in this context. Under a *Rhines* stay,[1] if one is requested and the predicates for same are established, the matter is stayed without dismissal of the unexhausted claims. Under a *Kelly* stay, if one is requested, the unexhausted claims are dismissed when the matter is stayed. On page 4 of the incomplete memorandum, petitioner appears to suggest that the determination of whether to utilize one procedure or the other is a selection made by the Court. To be abundantly clear, the petitioner, not the Court, must elect which remedy or remedies to request in the first

---

[1] The underlying cases have been cited previously herein, and the Court dispenses with full citation in this interim order.

instance. Petitioner may request a *Rhines* stay, a *Kelly* stay, or a *Rhines* stay or in the alternative a *Kelly* stay. The Court will consider the appropriateness of any remedy or remedies requested, but it will not, for example, *sua sponte* consider the appropriateness of a *Kelly* stay if one is not explicitly requested in the alternative if a *Rhines* stay is denied. The responsibility remains with the petitioner, not the Court, to frame his request for relief.

The Court notes in this regard that the statement (#14) by the petitioner refers only to a *Rhines* stay. The request for relief in the statement must match the request for relief made in the motion. Again, the responsibility lies with the petitioner, not the Court, to unambiguously frame his request for relief, including potentially any requests made in the alternative.

The default rule in the absence of an unambiguous request for other appropriate relief is dismissal of the entire petition without prejudice.

Also in this regard, the Court has the discretion to deny a *Kelly* stay in a circumstance where the petitioner cannot demonstrate that the unexhausted claim relates back to a timely exhausted claim in a prior pleading. The grant of a *Kelly* stay, however, does not automatically signify that the unexhausted claim does relate back, absent an express holding to that effect. If petitioner seeks a *Kelly* stay in the alternative, he would do well to present argument under *Mayle v. Felix*, 545 U.S. 644 (2005), seeking to affirmatively establish that the unexhausted claim relates back to a prior timely-filed claim.

The present incomplete, and potentially ambiguous, motion therefore will be denied without prejudice to the filing of a complete paper unambiguously setting forth the relief requested.

IT THEREFORE IS ORDERED that petitioner's motion (#13) to stay is DENIED without prejudice.

IT FURTHER IS ORDERED that petitioner shall have **fourteen (14) days** from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted Ground 2, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **seven (7) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the

relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

DATED this 5th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE