# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GORDON M. CAREY,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00143-LRH-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#17) to stay in order to return to state court to exhaust an unexhausted claim.

    Following upon the Court's recent order (#15) denying a prior ambiguous motion without prejudice, petitioner's response (#16) thereto, the pending motion (#17), and petitioner's prior statement (#14), it is clear that petitioner is seeking a stay pursuant only to *Rhines v. Weber*, 544 U.S. 269 (2005). That is, petitioner is not seeking a stay under *Rhines* or in the alternative under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). *See generally King v. Ryan*, 564 F.3d 1133 (2009)(comparing stay procedures). The Court therefore looks only to the question of whether a stay is appropriate under the *Rhines* criteria. The Court reiterates, as it stated in the most recent order, that it remains petitioner's responsibility to clearly frame his request for relief.

    In order to obtain a stay under *Rhines*, a petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278.

The precise contours of what constitutes "good cause" in this context remain to be fully developed in the jurisprudence, but the phrase is not an entirely empty vessel under currently governing precedent.

On the one hand, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

The Court is not persuaded that petitioner has demonstrated good cause for the failure to exhaust the unexhausted claim.

To recap, petitioner pled guilty to second-degree murder with the use of a firearm. Under the law in force at the time of the offense, the state sentencing enhancement statute provided for an automatic enhancement of an additional equal and consecutive sentence to the sentence imposed on the primary offense. After the offense but before petitioner's sentencing, the statute was amended to provide for a more flexible enhanced sentencing structure. Petitioner's plea was entered with the understanding that the parties remained free on appeal to argue whether an amendment to the sentencing enhancement statute for use of a firearm that was enacted after the offense should apply to his sentencing.[1]

While petitioner's appeal was pending, the Supreme Court of Nevada held in *State v. Second Judicial District Court (Pullin)* 124 Nev. 564, 188 P.3d 1079 (2008), that the amendment did not apply

---

[1] The abbreviated summary here of the state and federal procedural history is drawn from the more detailed procedural summary, with supporting citations, set forth in #12.

1 to offenders who committed their offenses prior to the effective date of the amendment but who were
2 sentenced after that date.

3       On petitioner's appeal, the Supreme Court of Nevada rejected petitioner's argument that the
4 federal constitution required that the amendment apply retroactively to his case, and the state high court
5 declined to reconsider *Pullin*.

6       In the original federal petition, petitioner asserted a single claim that a federal doctrine of lenity
7 applicable to the States through the Due Process Clause of the Fourteenth Amendment required that an
8 ameliorative sentencing statute be applied retroactively to offenses committed before the statute where
9 the sentencing occurred after the adoption of the statute.

10       The Court thereafter ordered petitioner to show cause why the petition should not be dismissed
11 with prejudice on the merits. The show-cause order extensively reviewed the United States Supreme
12 Court decisions relied upon by petitioner and posited that the Nevada Supreme Court's rejection of
13 petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal
14 law as determined by the Supreme Court.

15       In his November 8, 2010, show-cause response, petitioner, *inter alia*, presented argument on a
16 new legal claim that had not been presented in the original petition. In that claim, petitioner alleged
17 for the first time that the state supreme court had denied him due process of law by unforeseeably
18 enlarging the meaning of the state criminal statute through an unforeseeable and detrimental new
19 interpretation of the statute in *Pulllin* that was applied retroactively to him. Petitioner relied upon, *inter
20 alia*, *Bouie v. City of Columbia*, 378 U.S. 347 (1964), in support of this new claim.

21       The Court directed petitioner to file an amended petition if he intended to pursue the new claim
22 and, if such a claim were pursued, to show cause why the amended petition was not subject to dismissal
23 as a mixed petition with an unexhausted claim. Petitioner thereafter amended the petition, and,
24 following review of the show-cause response, the Court held that the *Bouie* claim was not exhausted.
25 As discussed in detail in the prior order (#12), the new claim in the amended petition is distinct and
26 different from the claim presented in the original petition, and the new claim was not fairly presented
27 to the state supreme court on direct appeal and exhausted.
28     ////

1   In the pending motion, petitioner seeks to establish good cause on the following basis:

> In applying <u>Rhines</u>, firstly, in this case undisputedly "good cause" exists. It is Mr. Carey's position that his <u>Bouie</u> claim, or Ground II, did not really arise until the Nevada Supreme Court decided <u>Barren v. State</u> in June of 2012. With due regard to the court's comments in footnote 15 of its October 23, 2012 Order [#12, at 12 n.15], the undersigned would expect the Attorney General to argue that a mere error of State law cannot give rise to federal *habeas* relief. <u>See Gilmore v. Taylor</u>, 508 U.S. 333, 342 344 (1993). Therefore, the argument would go, if the Nevada Supreme Court in 2008 in <u>Pullin</u> followed the 1994 <u>Castillo</u> decision erroneously for sake of argument, that is a mere issue of State law. In so saying, we do not concede the correctness of that argument; we simply say we would expect the Attorney General to make it. However, when the 2012 Nevada Supreme Court handed down <u>Barren</u> that simply could not be reconciled with <u>Castillo</u>, the decision begged for <u>Castillo</u> to be overruled. But because <u>Pullin</u> was based directly on <u>Castillo</u> and in the final analysis <u>only</u> could be based on <u>Castillo</u>, the handing down of <u>Barren</u> without the overruling of <u>Castillo</u> (or even the distinction of <u>Castillo</u>) modified the law in an unforeseeable fashion to the constitutional detriment of Mr. Carey. Playing devil's advocate, we simply cannot fathom how the Attorney General is going to respond to that!
>
> However, the bottom line of the October 23, 2012 Order remains: It should be up to the Nevada Supreme Court to find a way to extricate itself out of this mess – if it can.

#17, at 4-5.

This convoluted straw man argument completely begs the question and fails to demonstrate good cause for the failure to exhaust petitioner's claim under the 1964 decision in *Bouie*.

Petitioner did not need to wait for a 2012 state supreme court decision to claim that the 2008 *Pullin* decision constituted an unforeseeable expansion of the state criminal statute. The 2008 *Pullin* decision either was an unforeseeable expansion of Nevada state law when it was issued in 2008 or it was not. A 2008 decision does not become unforeseeable in 2008 because of a decision issued four years later. Carey did not need to wait for a 2012 case to argue that a 2008 decision was unforeseeable.

Indeed, over and above petitioner's fundamentally flawed logic, the record in this case conclusively demonstrates that petitioner did not need to wait for the June 2012 decision in *Barren* to argue that the 2008 *Pullin* decision constituted an unforeseeable expansion of the state criminal statute. Petitioner argued in his November 8, 2010, show-cause response that *Pullin* represented an unforeseeable expansion of the state criminal statute, relying specifically on *Bouie*. #6, at 1-2 & 8-9. Petitioner could and did raise the claim prior to *Barren*; he just did not do so in the state courts.

Neither the state supreme court, the Attorney General, nor this Court need "extricate" themselves from any purported "mess" for the Court to resolve the issue currently at hand. That issue is whether petitioner had good cause for the failure to exhaust his *Bouie* claim prior to seeking federal habeas relief. He has failed to show such good cause. Petitioner could have alleged that *Pullin* constituted an unforeseeable and detrimental expansion of the state statute at any time on his direct appeal, as *Pullin* was issued only six weeks after his conviction. Petitioner did not raise any such claim, however, until after the Court's show-cause order posited that he could not prevail under the AEDPA on the different claim that was exhausted in the state courts. Petitioner's argument in the motion to stay begs the question and fails to show good cause for the failure to exhaust the claim.[2]

The motion for a stay therefore will be denied. The entire petition, as amended, will be dismissed unless petitioner dismisses the unexhausted claim within the time allowed by this order.

IT THEREFORE IS ORDERED that petitioner's motion (#17) to stay is DENIED.

IT FURTHER IS ORDERED that the petition, as amended, will be dismissed without prejudice unless petitioner moves to dismiss Ground II within **twenty-one (21)** days sof entry of this order. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **seven (7) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed. **No extension of time will be granted absent the most compelling of circumstances.**

DATED this 19th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court makes, and has made, no other holding, including as to whether or not Ground II potentially is meritorious. Petitioner's arguments in this matter premised upon what the Court allegedly thought in a prior order and/or on what "all can agree" to do not reflect any tacit holding made by the Court. Petitioner has the burden of proof.