# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GORDON M. CAREY,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00143-LRH-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a statement (#19) filed by petitioner. The statement filed does not comply with the Court's prior orders in this case. The represented petitioner will be given one last chance to comply with the orders of the Court. If he again fails to do so, the case will be dismissed without any further advance notice.

    On October 23, 2012, the Court held that Ground 2 [or II] of the amended petition is unexhausted. The Court gave petitioner an opportunity to make his choice under *Rose v. Lundy*, 455 U.S. 509 (1982), as to the relief requested as to the mixed petition. The Court's order directed:

> IT THEREFORE IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted Ground 2, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **ten (10) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

#12, at 12 (bold emphasis in original).

Petitioner thereafter filed a motion to stay. The Court denied the motion without prejudice because the motion submitted was an incomplete document that was ambiguous as to the specific relief sought. Moreover, the request for relief in the petitioner's statement did not match the ambiguous request for relief made in the incomplete motion. The Court gave petitioner another opportunity to file complete papers unambiguously setting forth the relief requested. The Court noted: "The default rule in the absence of an unambiguous request for other appropriate relief is dismissal of the entire petition without prejudice." See ## 13-15.

Petitioner filed a second motion for stay. On November 20, 2012, the Court denied the motion because petitioner had not demonstrated the requisite good cause for the stay requested. See ## 17-18.

The Court gave petitioner an opportunity to pursue the only remaining alternative relief available under *Rose*, dismissal of the unexhausted claim in lieu of dismissal of the entire petition:

> IT FURTHER IS ORDERED that the petition, as amended, will be dismissed without prejudice unless petitioner moves to dismiss Ground II within **twenty-one (21) days** of entry of this order. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **seven (7) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed. **No extension of time will be granted absent the most compelling of circumstances.**

#18, at 5 (bold emphasis in original).

On November 29, 2012, petitioner filed a paper titled as a "Statement of Petitioner Relative to Order of November 20, 2012." The body of the document consisted of the following:

> COMES NOW, Petitioner, Gordon Michael Carey, and in response to the court's Order of November 20, 2012, and after consultation with counsel dismisses Ground II of the Amended Petition.
>
> DATED this __27__ day of __NOV__, 2012 under penalty of perjury in Carson City, Nevada.
>
> Respectfully submitted,
>
> By: __[signed by the petitioner in proper person]__
> Gordon M. Carey

#19.

The statement presented is deficient in numerous respects.

First, the November 20, 2012, order specifically directed petitioner to file a motion accompanied by a statement, not a statement with no motion. Absent a subsequent order modifying the Court's order, petitioner must follow the procedure directed by the order.

Second, petitioner may not seek relief in proper person in a case where he is represented by counsel. The Court's procedure required that a motion – necessarily filed by counsel in the represented case – be accompanied by the statement specified in the order. Nothing in the Court's orders in this case authorize petitioner simply to present papers seeking relief in proper person.

Third, a statement reflecting that a paper is dated "under penalty of perjury" does not constitute a declaration under penalty of perjury of anything other than that the paper is so dated. Petitioner was directed to accompany a motion with "a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court." Dating a statement "under penalty of perjury" does not comply with this directive.

The Court has been presented herein with a pattern of ambiguous requests and declarations in incomplete and defective papers. The Court reiterates that the default rule in the absence of an effective request for other appropriate relief is dismissal of the entire petition without prejudice. The represented petitioner will be given one last chance to file complete, unambiguous, and non-defective papers that comply with the Court's orders in this case. Presenting complete, clear, and non-defective papers seeking the dismissal of the unexhausted ground will not waive petitioner's ability to challenge the Court's non-exhaustion holding on appeal. However, regardless of the reason for the failure to comply with orders, if the represented petitioner again fails to follow the Court's orders in this regard, the entire petition will be dismissed as a mixed petition without any further advance notice.

It is established law that, outside of the presentation of certain claims in initial collateral review proceedings in the state courts, the petitioner bears the risk of attorney errors made during post-conviction proceedings. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 754 (1991). This is the last opportunity that the represented petitioner will be given to read and comply with the Court's orders and file a non-defective motion to dismiss the unexhausted ground.

IT THEREFORE IS ORDERED that the petition, as amended, will be dismissed without prejudice unless petitioner moves to dismiss Ground II within **fourteen (14)** days of entry of this order. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **seven (7) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed. **No extension of time will be granted absent the most compelling of circumstances.**

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE